# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Patrick J. KUMMERER

## Telephone Technician Third Class, U.S. Coast Guard

## CGCMG 0141

## Docket No. 1102

## 13 May 1999

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at New Orleans, Louisiana, on 4 March 1998.

Military Judge: CAPT Robert W. Bruce, USCG

Trial Counsel: CDR Gary E. Felicetti, USCG

Assistant Trial Counsel: LTJG Stephen J. Alvarez, USCGR

Detailed Defense Counsel: LT W. Scott Laragy, JAGC, USNR

Appellate Defense Counsel: LT Sandra K. Selman, USCGR

Appellate Government Counsel: LT Susan Polizzotto, USCGR

### BEFORE
### PANEL FIVE

### BAUM, WESTON, AND McCLELLAND

Appellate Military Judges

PER CURIAM:

Appellant was tried by a general court-martial before a military judge sitting alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: three specifications of making false statements; one specification of willfully damaging government property; one specification of larceny; one specification of wrongfully impeding an investigation, and two specifications of adultery, in violation of Articles 107, 108, 121, and 134 of the Uniform Code of Military Justice (UCMJ), 10 USC §§907, 908, 921 and 934, respectively. The judge sentenced Appellant to a bad conduct discharge, confinement for six months, and reduction to pay grade E-1. The convening authority approved the sentence as adjudged, which was within the terms of the pretrial agreement, and waived all automatic forfeitures from the date of his action, ordering them paid to Appellant s wife.

Before this Court, Appellant has assigned one error, asserting that the approved sentence was inappropriately severe. We disagree. The approved sentence in this case is appropriate for this accused and the offenses he committed. We do note, however, that corrections need to be made to the court-martial order to accurately reflect the dates of commission of all offenses. Specifically, a supplementary court-martial order should be issued by appropriate authority correcting the erroneous 1977 dates in specifications 2 and 3 of Charge I and specification 1 of Charge II.

After review of the record pursuant to Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence approved below are affirmed.

For the Court,

//s//

Brian A. Johnson
Clerk of the Court